IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

DAVID L. WILLIS                                                                    PLAINTIFF

vs.                                         Civil No. 4:12-cv-04008

MICHAEL J. ASTRUE                                                         DEFENDANT
Commissioner, Social Security Administration

### MEMORANDUM OPINION

David L. Willis ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social

Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of

the Commissioner of the Social Security Administration ("SSA") denying his application for

Supplemental Security Income ("SSI") under Title XVI of the Act.  The parties have consented to

the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including

conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment

proceedings.  ECF No. 5.[1]  Pursuant to this authority, the Court issues this memorandum opinion and

orders the entry of a final judgment in this matter.

1.      **Background:**

Plaintiff filed his SSI application on Feburary 24, 2010.  (Tr. 12, 135-138).   In his

application, Plaintiff claims to be disabled due to a head injury, asthma, seizures, and migraines. (Tr.

182).  Plaintiff alleges an onset date of January 1, 1997.  *Id.*  This application was denied initially

and again upon reconsideration.  (Tr. 63-64).

Thereafter, Plaintiff requested an administrative hearing on his application, and this hearing

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____"  The transcript pages
for this case are referenced by the designation "Tr."

request was granted.  (Tr. 76-91).  Plaintiff's administrative hearing was held on April 19, 2011 in Texarkana, Arkansas.  (Tr. 28-62).  Plaintiff was present and was represented by Charles Barnett at this hearing.  *Id.*  Plaintiff and Vocational Expert ("VE") Russell Bowden testified at this hearing. *Id.*  As of the date of this hearing, Plaintiff was forty-five (45) years old, which is defined as a "younger person" under 20 C.F.R. § 416.963(c) (2008) (SSI).  (Tr. 33).  As for his level of education, Plaintiff testified he had only completed the ninth grade in school.  (Tr. 45).

On July 11, 2011, the ALJ entered an unfavorable decision denying Plaintiff's application for SSI.  (Tr. 12-22).  In this decision, the ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since February 24, 2010, his application date.  (Tr. 14, Finding 1).  The ALJ determined Plaintiff had the following severe impairments: epilepsy and affective disorder.  (Tr. 14, Finding 2).  The ALJ also determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings").  (Tr. 14-15, Finding 3).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined his RFC. (Tr. 15-21, Finding 4).  First, the ALJ evaluated Plaintiff's subjective complaints and found his claimed limitations were not entirely credible.  *Id.*  Second, the ALJ determined Plaintiff retained the RFC to perform the following:

> I find that the claimant has the residual functional capacity to perform medium work in that he can lift and/or carry 50 pounds occasionally and 25 pounds frequently.  He can sit, stand and/or walk 6 hours in an 8-hour workday.  He must avoid even moderate hazards due to seizures.  He has no postural, manipulative, visual, communicative, or other environmental limitations.  From a mental standpoint, he maintains the ability to learn, understand, remember and carry out simple instructions and tasks; use judgment in making [a] simple work related decision; respond and relate appropriately to others, such as supervisors and co-workers; maintain attention and concentration for at least two hour intervals; and, adapt to and deal with simple changes in work settings and environments.

*Id.*

The ALJ then evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 21, Finding 5). The VE testified at the administrative hearing regarding this issue. (Tr. 21). Based upon that testimony, the ALJ determined Plaintiff's PRW included work as a warehouse laborer (medium, unskilled); garbage collector (heavy, unskilled); and general construction worker (heavy, semiskilled). (Tr. 21, Finding 5). Considering Plaintiff's RFC, the ALJ determined Plaintiff would be unable to perform any of his PRW. *Id.*

The ALJ also determined whether Plaintiff retained the capacity to perform other work existing in significant numbers in the national economy. (Tr. 21-22, Finding 8). The VE also testified at the administrative hearing regarding this issue. *Id.* Based upon that testimony, the ALJ determined Plaintiff retained the capacity to perform representative occupations such as laundry worker (medium, unskilled) with 7,600 such jobs in Texas and 76,000 such jobs in the nation; dry cleaner helper (medium, unskilled) with 8,200 such jobs in Texas and 82,000 such jobs in the nation; and hand packager (medium, unskilled) with 12,000 such jobs in Texas and 120,000 such jobs in the nation. (Tr. 22). Because Plaintiff retained the capacity to perform this other work, the ALJ determined Plaintiff had not been under a disability as defined in the Act before or after February 24, 2010 (Plaintiff's application date) through July 11, 2011 (ALJ's decision date). (Tr. 22, Finding 9).

Thereafter, on September 9, 2011, Plaintiff requested the Appeals Council's review of the ALJ's unfavorable decision. (Tr. 123-124). On November 22, 2011, the Appeals Council declined to review this unfavorable decision. (Tr. 1-4). On January 20, 2012, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on January 30, 2012.

ECF No. 5.  Both Parties have filed appeal briefs.  ECF Nos. 8, 11.  This case is now ready for decision.

**2.**  **Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002).  Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision.  *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001).  As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently.  *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001).  If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity.  *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998);  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. §§ 423(d)(3), 1382(3)(c).  A plaintiff must show that

4

his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.     Discussion:**

In his appeal brief, Plaintiff raises two arguments for reversal: (1) the ALJ erred in finding his impairments did not meet the requirements of Listings 1.02(B) and 1.00(B)(2)(b); and (2) the ALJ improperly evaluated the severity of his impairments. ECF No. 8 at 1-19. Because this Court agrees with Plaintiff's second argument and finds the ALJ improperly performed a *Polaski* evaluation and improperly discounted his subjective complaints, this Court will only address the second issue Plaintiff raised.

In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five

factors from *Polaski v. Heckler*, 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[2]  *See Shultz v. Astrue*, 479 F.3d 979, 983 (2007).  The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions.  *See Polaski*, 739 at 1322.

The factors must be analyzed and considered in light of the claimant's subjective complaints of pain.  *See id.*  The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel*, 226 F.3d 969, 971-72 (8th Cir. 2000).  As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference.  *See id.*; *Cox v. Barnhart*, 471 F.3d 902, 907 (8th Cir. 2006).  The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski*, 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors.  *See Baker v. Apfel*, 159 F.3d 1140, 1144 (8th Cir. 1998).  The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but

---

[2] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)."  However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors.  *See Shultz v. Astrue*, 479 F.3d 979, 983 (2007).  Thus, this Court will not require the analysis of these additional factors in this case.

whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the ALJ did not comply with *Polaski* and did not give sufficient reasons for discounting Plaintiff's subjective complaints. In his opinion, the ALJ properly stated the *Polaski* factors but then proceed to provide only perfunctory or "canned" statements in his evaluation of Plaintiff's credibility. (Tr. 16-21). For instance, the ALJ stated the following:

> After considering, evaluating, analyzing and weighing all of the evidence of record, I find that the claimant's medically determinable impairments could produce the alleged symptoms, but that the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are neither entirely credible, consistent with, nor supported by the preponderance of the medical and other evidence of record.

(Tr. 18).

In his opinion, the ALJ claims to have considered both Plaintiff's demeanor and daily activities in his decision to discount Plaintiff's subjective complaints. (Tr. 20). However, upon review, Plaintiff alleged having very limited daily activities (Tr. 18), and the ALJ did not state how these alleged daily activities were at all inconsistent with his subjective complaints. Further, the ALJ did not state how Plaintiff's demeanor in any way detracted from his credibility. (Tr. 18).

Indeed, although the ALJ claims he considered the *Polaski* factors, Plaintiff's demeanor, and Plaintiff's daily activities, it appears the ALJ only truly considered Plaintiff's medical records when discounting his subjective complaints. Notably, in his opinion, the ALJ stated on several occasions that he only found Plaintiff's testimony credible to the extent it was consistent with his medical records. For instance, he stated the following: "Testimony at the hearing has also been carefully considered, *to the extent consistent with claimant's treatment record and statements to health care providers*." (Tr. 19) (emphasis added). Further, as noted above, the ALJ stated "claimant's

statements concerning the intensity, persistence and limiting effects of these symptoms *are neither entirely credible, consistent with, nor supported by the preponderance of the medical and other evidence of record.*"   (Tr. 18) (emphasis added).   The ALJ's decision to discount Plaintiff's subjective complaints based upon his medical records alone was in error and in violation of *Polaski*. *See Polaski,* 739 F.2d at 1322.   Accordingly, this case must be reversed and remanded for further consideration of Plaintiff's subjective complaints in accordance with *Polaski*.

4.      **Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded.[3]   A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

ENTERED this 17th day of January 2013.

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE

[3] This remand is ordered solely for the purpose of permitting the ALJ the opportunity to comply with the requirements of *Polaski*.  No part of this remand should be interpreted as an instruction that disability benefits be awarded.  Upon remand, the ALJ should further evaluate the evidence and make a disability determination, subject to this Court's later review.